AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

U S

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __PENNSYLVANIA__

UNITED STATES OF AMERICA     **JUDGMENT IN A CRIMINAL CASE**

V.

JOSEPH LOMBARDI (a.k.a. "Marc Ayed")

FILED
SEP 26 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Case Number:     DPAE2:11CR000198-002

USM Number:     67011-066

Nialena Caravasos, Esq.
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)    1, 2, 3, 4, 5, 6, 7, 8, 9 and 10.

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐ was found guilty on count(s) _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 and 2 | Conspiracy and Aiding and Abetting. | 2/7/2011 | 1 |
| 18:842 and 2 | Passing Counterfeit Currency and Aiding and Abetting | 2/7/2011 | 2 |
| 18:842 and 2 | Passing Counterfeit Currency and Aiding and Abetting | 2/7/2011 | 3 |
| 18:842 and 2 | Passing Counterfeit Currency and Aiding and Abetting | 2/7/2011 | 4 |
| 18:842 and 2 | Passing Counterfeit Currency and Aiding and Abetting | 2/7/2011 | 5 |
| 18:842 and 2 | Passing Counterfeit Currency and Aiding and Abetting | 2/7/2011 | 6 |

    The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 26, 2011
Date of Imposition of Judgment

_(signature)_
Signature of Judge

Lawrence F. Stengel, U.S. District Judge
Name and Title of Judge

_September 26, 2011_
Date

DEFENDANT:      JOSEPH LOMBARDI (a.k.a. "Marc Ayed")
CASE NUMBER:    DPAE2:11CR000198-002

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:842 and 2 | Passing Counterfeit Currency and Aiding and Abetting | 2/7/2011 | 7 |
| 18:842 and 2 | Passing Counterfeit Currency and Aiding and Abetting | 2/7/2011 | 8 |
| 18:842 and 2 | Passing Counterfeit Currency and Aiding and Abetting | 2/7/2011 | 9 |
| 18:842 and 2 | Passing Counterfeit Currency and Aiding and Abetting | 2/7/2011 | 10 |

DEFENDANT:     JOSEPH LOMBARDI (a.k.a. "Marc Ayed")
CASE NUMBER:   DPAE2:11CR000198-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Time served, as to counts 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10, all to run concurrently. The defendant is eligible for release to his New York State detainer, immediately.

☐ The court makes the following recommendations to the Bureau of Prisons:


X  The defendant is remanded to the custody of the United States Marshal.

   The defendant shall surrender to the United States Marshal for this district:

   ☐ _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JOSEPH LOMBARDI (a.k.a. "Marc Ayed")
CASE NUMBER: DPAE2:11CR000198-002

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

3 years, as to each of counts 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10, all to run concurrently. The defendant shall spend the first 3 months of supervised release in a residential re-entry center or halfway house.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:       JOSEPH LOMBARDI (a.k.a. "Marc Ayed")
CASE NUMBER:     DPAE2:11CR000198-002

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall reside for a period of three (3) months in a residential re-entry center, halfway house or similar residential facility and shall observe all the rules of that facility. The defendant shall be eligible for weekend privileges. The defendant shall pay subsistence as required by the program.

The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment as approved by the Court after receiving a recommendation by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the Court.

The defendant shall provide the U.S. Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income.

The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the approval of the probation officer.

It is further ordered that the defendant undergo a psychological evaluation and participate in any mental health treatment program, specifically a grief counseling program, as recommended by the U.S. Probation Office and approved by the Court.

The Court finds that the defendant does not have the ability to pay a fine. The fine is waived.

The Court finds that the defendant does not have the ability to pay to the United States a special assessment. The Court remits the defendant's special assessment obligation.

DEFENDANT: JOSEPH LOMBARDI (a.k.a. "Marc Ayed")
CASE NUMBER: DPAE2:11CR000198-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| TOTALS | $ 0 | $ 0 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.